UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Candie Dubose,<br><br>                Plaintiff,<br><br>vs.<br><br>Standard Insurance Company, a foreign corporation,<br><br>                Defendant. | Case No.:<br><br>**COMPLAINT FOR WRONGFUL DENIAL OF INSURANCE BENEFITS** |

TO THE DEFENDANT:

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Standard Insurance Company may be found in this district. In particular, Standard Insurance Company is registered as a corporation with the State of Washington, conducts ongoing business with Washington residents, employs Washington residents, has extensive contacts within

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

COMPLAINT FOR WRONGFUL DENIAL OF
INSURANCE BENEFITS – 1
File Number 204994

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

1 Washington, and accordingly is found within Washington.

2       3. Venue is also proper in this district pursuant to 28 U.S.C. § 1391, as Plaintiff is a resident of Bothell, Washington, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

      4. On information and belief, Defendant Standard Insurance Company is the employee benefit plan ("Plan") that Esterline Technologies Corporation created and maintains to provide its employees with income protection should they become disabled. On information and belief, Defendant Standard Insurance Company is a corporation organized and existing under the laws of the State of Oregon, and is the insurer and claims administrator for the Plan.

      5. Plaintiff is a resident of Bothell, Washington, was an employee of Esterline Technologies Corporation, and a participant in the Plan.

      6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

      7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number 641788-H, which was issued by Standard Insurance Company to Esterline Technologies Corporation to insure the participants of the Plan.

      8. On information and belief, Standard Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Standard Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.

      9. Standard Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

      10. The Plan is an ERISA welfare benefit plan.

COMPLAINT FOR WRONGFUL DENIAL OF
INSURANCE BENEFITS – 2
File Number 204994

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

11.  Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.  Plaintiff became disabled under the terms of the Plan's policy on or about June 2, 2018, and she continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13.  Plaintiff submitted a timely claim to Standard Insurance Company for disability benefits.

14.  Plaintiff's claim was set to transition to long-term disability on August 31, 2018. However, Standard Insurance Company denied Plaintiff's claim in a letter dated April 4, 2019. Plaintiff appealed Standard Insurance Company's decision, but Standard Insurance Company denied Plaintiff's appeal on December 10, 2019.

15.  Plaintiff provided Standard Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

16.  Standard Insurance Company's decision to deny disability benefits was unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a.  Standard Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records, ignored the Plaintiff's symptoms, and rejected the opinion of Plaintiff's treating physician;

    b.  Standard Insurance Company relied on the opinions of medical professionals who were financially biased by their relationship with Standard Insurance Company and were unable to offer unbiased opinions;

COMPLAINT FOR WRONGFUL DENIAL OF
INSURANCE BENEFITS – 3
File Number 204994

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

c. Standard Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. Standard Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

e. Standard Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physician.

17. Standard Insurance Company abused its discretion in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20. Standard Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

21. Standard Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from August 31, 2018 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22. Standard Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available

COMPLAINT FOR WRONGFUL DENIAL OF
INSURANCE BENEFITS – 4
File Number 204994

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Standard Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

24. Pursuant to WAC 284-96-012, *Orzechowski v. Boeing Co. Non Union Long-Term Disability Plan*, No. 14-55919, 2017 WL 1947883, 856 F.3d 686 (9th Cir. May 11, 2017), and *Treves v. Union Sec. Ins. Co. LLC*, 2014 WL 325149 (W.D. Wash. 2014), Standard Insurance Company's denial of Plaintiff's claim for long-term disability benefits is subject to de novo review by this Court.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

COMPLAINT FOR WRONGFUL DENIAL OF
INSURANCE BENEFITS – 5
File Number 204994

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

8. Any other legal or equitable relief the Court deems appropriate.

Dated this 4th day of September 2020.

| NELSON LANGER ENGLE, PLLC | FIELDS LAW |
|---|---|
| /s/   Aaron I. Engle<br>Aaron I. Engle, WSBA #37955<br>12055 15th Avenue NE, Suite 100<br>Seattle, WA  98125<br>T: 206.623.7520  F: 206.622.7068<br>AaronE@nlelaw.com<br>Attorneys for Plaintiff | /s/   Michael Kemmitt<br>Michael Kemmitt (MN Bar # 0398423)<br>*Pro Hac Vice Admission Pending*<br>9999 Wayzata Blvd<br>Minnetonka, MN 55305<br>Office: 612-370-1511<br>Michael@Fieldslaw.com<br>Attorneys for Plaintiff |

COMPLAINT FOR WRONGFUL DENIAL OF
INSURANCE BENEFITS – 6
File Number 204994

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068